The document below is hereby signed.

Signed: April 29, 2019



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LEROY SYLVESTER ROBINSON, JR., | ) ) | Case No. 19-00038 (Chapter 13) |
| | ) | Not for publication in |
| Debtor. | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER
DENYING MOTION TO RECONSIDER DISMISSAL

The debtor has filed a *Motion to Reconsider* (Dkt. No. 23) the dismissal of his case. For the following reasons, that motion must be denied.

The chapter 13 trustee filed a *Motion to Dismiss and Notice of an Opportunity for a Hearing* (Dkt. No. 18) on February 25, 2019. The trustee sought dismissal of this case for the debtor's (1) failure to file payment advices received within 60 days prior to the filing of the petition; (2) failure to provide the trustee a copy of his state and federal tax returns or transcripts; (3) failure to appear at the meeting of creditors; (4) failure to make plan payments; (5) failure to file a chapter 13 plan; and (6) for causing unreasonable delay prejudicial to creditors. The debtor failed to respond to the trustee's *Motion to Dismiss* which

remained pending for a full month.  On April 26, 2019, the court granted the motion.  The debtor filed his *Motion to Reconsider* the same day the case was dismissed.

The debtor filed his *Motion to Reconsider* within 14 days after entry of the court's order dismissing the case.  Accordingly, the motion will be considered under Fed. R. Civ. P. 59, made applicable by Fed. R. Bankr. P. 9023.  Under Rule 59(e), a court may reconsider a final order if the "court finds that there is an intervening change of controlling law, the availability of new evidence, or to correct a clear legal error or prevent manifest injustice."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Such motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances."  *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.C. 2001).

The debtor asserts that his finances have changed and he is now able to make payments of $450 per month to the trustee.  He further asserts that he has his tax return.  However, the debtor never filed a response to the trustee's *Motion to Dismiss* to inform her and the court that his circumstances has changed.  The debtor knew at some point before the case was dismissed that his financial circumstances had changed.  This is not knew evidence to justify reconsidering the order of dismissal under Rule 59.  Nor has the debtor justified his failure to appear at the meeting

of creditors.  Even had he attempted to set forth a justification, he ought to have raised it with the trustee a long time ago and at least via a timely response to the motion to dismiss.  The case had been pending for more than three months (and more than two months after the meeting of creditors), with no effort on the debtor's part to have the trustee re-set a meeting of creditors.  Dismissal based on unreasonable delay that is prejudicial to creditors was warranted, and remains warranted.  There is no manifest injustice in not setting aside the dismissal.

For all these reasons, it is

ORDERED that the debtor's *Motion to Reconsider* (Dkt. No. 23) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notifications of filings.